IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONG NGUYEN,                                    No.  CIV.S-05-2191 DFL DAD

      Plaintiff,

   v.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the undersigned will recommend that the decision of the Commissioner of Social Security ("Commissioner") be reversed and this matter be remanded for further proceedings.

/////

/////

**PROCEDURAL BACKGROUND**

Plaintiff Long Kien Hoang Nguyen applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 58-61.)  The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 33-36, 38-41.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on November 9, 2004, at which time plaintiff was represented by counsel. (Tr. at 444-67.) In a decision issued on December 9, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 14-23.)  The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on his alleged onset date of disability and has continued to meet them through at least the date of this decision.  The claimant has not engaged in substantial gainful activity since his alleged onset date of disability.
>
> 2. The medical evidence establishes that the claimant has various impairments which are "severe," but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's allegations of disabling pain are not credible for the reasons given in the rationale portion of this decision.
>
> 4. The claimant has the ability to lift and/or carry up to 10 pounds frequently and 20 pounds occasionally, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday (20 CFR 416.945 and 404.1545).

5.    The claimant has relevant work
      experience as an assembler which
      requires sedentary work.  This finding
      is supported by the testimony of the
      impartial vocational expert.

6.    The claimant is able to perform his
      past work.

7.    The claimant was not under a
      "disability," as defined in the Social
      Security Act (20 CFR 416.920(f) and
      404.1520(f)).

(Tr. at 22.)  The Appeals Council declined review of the ALJ's

decision on August 26, 2005.  (Tr. at 5-7.)  Plaintiff then sought

judicial review, pursuant to 42 U.S.C. § 405(g), by filing the

complaint in this action on October 30, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled

will be upheld if the findings of fact are supported by substantial

evidence and the proper legal standards were applied.  Schneider v.

Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

1999).  The findings of the Commissioner as to any fact, if supported

by substantial evidence, are conclusive.  See Miller v. Heckler, 770

F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a

conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

(1971)).

A reviewing court must consider the record as a whole,

weighing both the evidence that supports and the evidence that

3

detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The

court may not affirm the ALJ's decision simply by isolating a

specific quantum of supporting evidence.  Id.; see also Hammock v.

Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence

supports the administrative findings, or if there is conflicting

evidence supporting a finding of either disability or nondisability,

the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

improper legal standard was applied in weighing the evidence, see

Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the

ALJ should apply the five-step sequential evaluation process

established under Title 20 of the Code of Federal Regulations,

Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137,

140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial
> gainful activity?  If so, the claimant is found
> not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe"
> impairment?  If so, proceed to step three.  If
> not, then a finding of not disabled is
> appropriate.
>
> Step three: Does the claimant's impairment or
> combination of impairments meet or equal an
> impairment listed in 20 C.F.R., Pt. 404, Subpt.
> P, App. 1?  If so, the claimant is conclusively
> presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing
> his or her past work?  If so, the claimant is not
> disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual
> functional capacity to perform any other work?

4

1    If so, the claimant is not disabled.  If not, the
2    claimant is disabled.

3  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant

4  bears the burden of proof in the first four steps of the sequential

5  evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner

6  bears the burden if the sequential evaluation process proceeds to

7  step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.

8  1999).

9                              **APPLICATION**

10         Plaintiff advances three arguments in his motion for

11  summary judgment.  First, plaintiff asserts that the ALJ did not

12  properly utilize a vocational expert at the administrative hearing.

13  Second, plaintiff argues that the ALJ erred at step two of the

14  sequential evaluation by failing to find plaintiff's alleged mental

15  impairment to be a severe impairment.  Third, plaintiff contends that

16  the ALJ erred in evaluating plaintiff's testimony regarding the

17  severity of his limitations and the impact those limitations have

18  upon him.  The court addresses plaintiff's arguments below.

19         Beginning with plaintiff's argument regarding his severe

20  mental impairment, it is well-established that at step two of the

21  sequential evaluation the ALJ must determine if the claimant has a

22  medically severe impairment or combination of impairments.  Smolen v.

23  Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482

24  U.S. at 140-41).  The purpose of step two of the sequential

25  evaluation is merely to identify claimants whose medical impairment

26  is so slight that it is unlikely they would be disabled even if age,

                                    5

education, and experience were taken into account.  <u>Yuckert</u>, 482 U.S.
at 153.  "An impairment or combination of impairments can be found
'not severe' only if the evidence establishes a slight abnormality
that has 'no more than a minimal effect on an individual's ability to
work.'"  <u>Smolen</u>, 80 F.3d at 1290 (citations omitted).  <u>See</u> <u>also</u> 20
C.F.R. §§ 404.1521(a), 416.921(a).

        The record indicates that plaintiff suffers from a mental
impairment which limits his ability to work.  Specifically, in
addition to being HIV-positive and infected with Hepatitis C,
plaintiff suffers from a depressive disorder.  In October of 1999,
psychiatrist Michael Zizmor, M.D. examined plaintiff and found him to
suffer from a number of mental limitations, including moderate
difficulties understanding, remembering and carrying out simple
instructions; relating to co-workers, supervisors and the public;
working at an ordinary pace and tolerating ordinary job stresses; and
following simple safety rules.  (Tr. at 150.)

        In December of 1999, a non-examining state agency physician
found plaintiff to have a severe mental impairment based on a number
of moderate limitations.  (Tr. at 170-82.)  While that physician
predicted the severe impairment would not last more than 12 months
(Tr. at 174), that prediction does not appear to have been realized.
In this regard, after examining plaintiff in November of 2003,
psychologist Ubaldo F. Sanchez, Ph.D. noted that plaintiff continued
to exhibit moderate impairments in analyzing complex problems; being
flexible in thought processes; and keeping more than one aspect of a
situation in mind.  (Tr. at 308.)  Plaintiff's performance on a

1  battery of examinations also suggested a decline in memory. (Id.)

2  Moreover, plaintiff at that time was found to have mild to moderate

3  difficulties concentrating, focusing and keeping up with the pace of

4  a working environment. (Id.)  Plaintiff originates from Vietnam and

5  Dr. Sanchez noted plaintiff's reports of forced military service,

6  torture and being placed in a concentration camp there. (Id. at 305,

7  308, 372.)  Dr. Sanchez found plaintiff to be a credible claimant.

8  (Id. at 308.)  At least one other note in the medical record suggests

9  a history of prostitution as a boy.  (Tr. at 372.)

10     Plaintiff also complained of "emotional problems" to his

11  treating physician on January 5, 2004.  (Tr. at 375.)  Thereafter,

12  plaintiff underwent approximately three sessions of psychotherapy and

13  was prescribed antidepressants.  (Tr. at 358-72.)  Treatment notes

14  indicate that he suffers from feelings of sadness everyday, psycho-

15  social stressors related to hiding his HIV-positive status from

16  others, and diagnoses of anxiety, depression and post-traumatic

17  stress disorder.  (Id.)  Plaintiff's treating psychiatrist at that

18  time was Laurence McGlynn, M.D.  On November 8, 2004, Dr. McGlynn

19  opined that plaintiff had fair to poor abilities to engage in a

20  number of mental functions.  (Tr. at 435-38.)[1]

21

22  [1] The ALJ rejected Dr. McGlynn's November 8, 2004, report
   because it was brief, conclusory, and not supported by objective
   medical findings.  (Tr. at 20.)  While that report is brief, Dr.

23  McGlynn's treatment notes also appear in the record and they support
   his findings.  (Tr. at 358, 364, 371-72.)  The ALJ also criticized

24  the report because "Dr. Mcglynn only treated the claimant for less
   than three months."  (Tr. at 20.)  Such reasoning is disingenuous.

25  In finding plaintiff not disabled, the ALJ relied on the opinions of
   physicians who examined plaintiff on only one occasion and other

26  physicians who did not examine plaintiff at all.  For these reasons,

1    While this evidence may not ultimately lead to a finding of

2  disability, it is sufficient to establish that plaintiff's mental

3  impairment has more than a minimal effect on his ability to work.

4  Plaintiff's medical history reflects that he suffered from something

5  more than a slight abnormality during the relevant time period.

6  Thus, the ALJ erred at step two of the sequential evaluation in not

7  finding plaintiff's alleged mental impairment to be a severe

8  impairment.  In reaching this conclusion the court is particularly

9  mindful that the step-two inquiry is but "a de minimis screening

10  device to dispose of groundless claims."  Smolen, 80 F.3d at 1290

11  (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v. Massanari,

12  253 F.3d 1152, 1158 (9th Cir. 2001).  Remand is required so that the

13  ALJ can proceed beyond step two of the sequential evaluation process

14  with respect to plaintiff's severe mental impairment and the combined

15  effects of plaintiff's impairments.  See Webb v. Barnhart, 433 F.3d

16  683, 688 (9th Cir. 2005)(remanding for further proceedings where

17  "[t]he ALJ should have continued the sequential analysis beyond step

18  two because there was not substantial evidence to show that Webb's

19  claim was 'groundless.'").

20    In light of this error, it is unnecessary to address

21  plaintiff's other arguments.  Taking into account plaintiff's severe

22  mental impairment, the ALJ on remand will necessarily be required to

23  re-determine plaintiff's residual functional capacity and whether

24

25  the ALJ failed to articulate specific and legitimate reasons based on
   substantial evidence in rejecting the opinion of Dr. McGlynn.  See

26  Fair v. Bowen, 885 F.2d 597, 604-05 (9th Cir. 1989); Embrey v. Bowen,
   849 F.2d 418, 421 (9th Cir. 1988).

plaintiff is capable of performing his past relevant work or other

work in the national economy.  If the ALJ proceeds to step five of

the sequential evaluation, the ALJ would be required to question a

vocational expert in a manner that properly takes into account the

limitations in plaintiff's abilities to engage in various work-

related mental functions.  See Holohan v. Massanari, 246 F.3d 1195,

1208-09 (9th Cir. 2001) (explaining that testimony from a vocational

expert was necessary because the claimant suffered from a severe

mental, rather than physical, impairment); Light v. Social Sec.

Admin., 119 F.3d 789, 793 (9th Cir. 1997) ("While the ALJ need not

include all claimed impairments in his hypotheticals, he must make

specific findings explaining his rationale for disbelieving any of

the claimant's subjective complaints not included in the

hypothetical.").

        "Having concluded that a remand is appropriate because the

ALJ erred in ending the sequential evaluation at Step Two, this Court

need not consider the issue of plaintiff's credibility." Sanchez v.

Apfel, 85 F. Supp. 2d 986, 993 n.10 (C.D. Cal. 2000).  On remand the

ALJ will be required to re-evaluate plaintiff's testimony and

subjective complaints in light of his severe mental impairment.  In

this regard, the ALJ's credibility analysis in his decision

considered and addressed only plaintiff's allegations regarding his

physical impairments.  (Tr. at 20-21.)  The ALJ did not evaluate

plaintiff's credibility with respect to any mental impairment or the

combined effects of his physical and mental impairments.

Accordingly, on remand the ALJ shall evaluate plaintiff's subjective

1  testimony regarding the severity of his limitations caused by the

2  combined effects of all his impairments and the impact those

3  limitations have upon him.

**CONCLUSION**

5       Accordingly, IT IS HEREBY RECOMMENDED that:

6       1.  Plaintiff's motion for summary judgment and/or remand

7  be granted;

8       2.  Defendant's cross-motion for summary judgment be

9  denied; and

10      3.  The decision of the Commissioner of Social Security be

11 reversed and this case be remanded for rehearing consistent with the

12 analysis set forth herein.  See 42 U.S.C. § 405(g), Sentence Four.

13      These findings and recommendations are submitted to the

14 United States District Judge assigned to the case, pursuant to the

15 provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after

16 being served with these findings and recommendations, any party may

17 file written objections with the court.  Such a document should be

18 captioned "Objections to Magistrate Judge's Findings and

19 Recommendations."  The parties are advised that failure to file

20 objections within the specified time may waive the right to appeal

21 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

22 Cir. 1991).

23 DATED: December 12, 2006.

25         DALE A. DROZD
           UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\nguyen2191.f&r

10